UNITED STATES DISTRICT COURT
for the
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| CELESTIAL HOME CARE LLC, a Florida limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PASCO COUNTY, a Political Subdivision of the State of Florida,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§ Case No.<br>§<br>§<br>§<br>§<br>§ |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1.      Plaintiff, CELESTIAL HOME CARE LLC ("Plaintiff"), brings this action for declaratory and injunctive relief as well as monetary damages against Defendant, PASCO COUNTY, a Political Subdivision of the State of Florida (hereinafter "County" of "Defendant"), under the Fair Housing Act, Title VII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C.§ 3601, *et seq*. ("FHAA") and Title II of the Americans With Disabilities Act, 42 U.S.C. Sec. 12131-12165 ("ADA"). The County has discriminated on the basis of disability by preventing or inhibiting Plaintiff from continuing to operate a community residential home ("Community Residential Home") for persons with intellectual or developmental disabilities by imposing

overly-restrictive fire code requirements that are not imposed on similarly situated uses within Pasco County. Under these discriminatory policies, the County has engaged in discrimination because of disability, in violation of the FHAA and the ADA.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by 42 U.S.C. § 3613(a) and 28 U.S.C. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), 1367(a), and 2201, and due to the fact that both the FHAA [42 U.S.C. § 3604(f)(1)] and the ADA [42 U.S.C. § 12132] prohibit governmental entities from implementing or enforcing housing policies in a discriminatory manner against persons with disabilities.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as the claims arise in Pasco County, Florida.

## PARTIES

4. Plaintiff is a Florida limited liability company, whose principal place of business is located in Pasco County.

5. Defendant County is a political subdivision of the State of Florida within the Middle District of Florida and is organized under the laws of the State of Florida.

6. Defendant County is a government entity which exercises authority

over land within its boundaries through the use of its zoning authority and through the exercise of the authority of its fire marshal.

## FACTUAL ALLEGATIONS

7. On or about August 1, 2023, Plaintiff obtained a certificate of license from the State of Florida (the "State"), through the Agency for Persons with Disabilities ("APD"), for the operation of a Community Residential Home for adult individuals with intellectual or developmental disabilities located at 4022 Duke Firth Street, Land O' Lakes, FL 34638 (the "Property").

8. APD is the agency tasked by the State to regulate, certify and oversee homes for persons with intellectual or developmental disabilities. This oversight includes inspections of such homes at regular intervals, such as the one operated by Plaintiff, to ensure compliance with state regulations, including fire safety requirements.

9. Florida Statute § 393.062 (2023) provides the declaration of intent for the

> <u>Legislative findings and declaration of intent</u>. — The Legislature finds and declares that existing state programs for the treatment of individuals with developmental disabilities, which often unnecessarily place clients in institutions, are unreasonably costly, are ineffective in bringing the individual client to his or her maximum potential, and are in fact debilitating to many clients. A redirection in state treatment programs for individuals with developmental disabilities is necessary if any significant amelioration of the problems faced by such individuals is ever to take place. Such redirection

should place primary emphasis on programs that prevent or reduce the severity of developmental disabilities. **Further, the greatest priority shall be given to the development and implementation of community-based services that will enable individuals with developmental disabilities to achieve their greatest potential for independent and productive living, enable them to live in their own homes or in residences located in their own communities**, and permit them to be diverted or removed from unnecessary institutional placements. **This goal cannot be met without ensuring the availability of community residential opportunities in the residential areas of this state. The Legislature, therefore, declares that all persons with developmental disabilities who live in licensed community homes shall have a family living environment comparable to other Floridians and that such residences shall be considered and treated as a functional equivalent of a family unit and not as an institution, business, or boarding home. . . .** (emphasis added).

10. Florida Statute § 419.001 discusses the criteria for site selection of Community Residential Homes. The statute defines a Community Residential Home as follows:

> "Community residential home" means a **dwelling unit licensed to serve residents who are clients of** the Department of Elderly Affairs, the **Agency for Persons with Disabilities**, the Department of Juvenile Justice, or the Department of Children and Families or licensed by the Agency for Health Care Administration **which provides a living environment for 7 to 14 unrelated residents who operate as the functional equivalent of a family, including such supervision and care by supportive staff as may be necessary to meet the physical, emotional, and social needs of the residents**.

Fla. Stat. § 419.001(1)(a) (2023) (emphases added).

11. Florida Statute § 419.001 also requires Community Residential Homes

to be treated as single-family homes, and not considered as commercial or non-residential homes for the purpose of review under local laws and ordinances:

> **Homes of six or fewer residents** which otherwise meet the definition of a community residential home **shall be deemed a single-family unit and a noncommercial, residential use for the purpose of local laws and ordinances**. Homes of six or fewer residents which otherwise meet the definition of a community residential home **shall be allowed in single-family or multifamily zoning without approval by the local government**, provided that such homes are not located within a radius of 1,000 feet of another existing such home with six or fewer residents or within a radius of 1,200 feet of another existing community residential home. Such homes with six or fewer residents are not required to comply with the notification provisions of this section; provided that, before licensure, the sponsoring agency provides the local government with the most recently published data compiled from the licensing entities that identifies all community residential homes within the jurisdictional limits of the local government in which the proposed site is to be located in order to show that there is not a home of six or fewer residents which otherwise meets the definition of a community residential home within a radius of 1,000 feet and not a community residential home within a radius of 1,200 feet of the proposed home . . . .

Fla. Stat. § 419.001(2) (2023) (emphasis added).

12. "'Local government' means a county as set forth in chapter 7 . . . ." Fla. Stat. § 419.001(1)(c) (2023).

13. Approximately eight (8) months after Plaintiff began operating a Community Residential Home at the Property, on or about February 21, 2024, the Fire Marshall of Pasco County Fire Rescue, Kevin S. Tunningley, performed an annual inspection at the Property and alleged that the use of the Property had

changed from a foster home to a group home.

14. Mr. Tunningley further instructed that Plaintiff would need to have an automatic fire sprinkler system installed at the Property no later than February 2025.

15. Mr. Tunningley advised Plaintiff that a permit application would need to submitted to Pasco County Building Construction Services for a change of use for the Property from a foster home to a group home.

16. In reality, even if a foster home was changed to become a community residential home, no change of use permit would be required by law or ordinance.

17. No change of use permit is required by law or ordinance for a home that has functioned as a foster home to be subsequently used as a community residential home with six (6) or fewer persons under Fla. Stat. § 419.001.

18. Prior to August 2023, between 2013 and 2023, the Property had been utilized as a foster home for minors with intellectual or developmental disabilities under the name Shephard Foster Home, Inc.

19. Of the four residents that currently reside at the Property, one of the residents has resided at the Property since 2013, and two of the residents have resided at the property since approximately 2018 and 2020. The fourth resident has resided at the Property since 2023 when the home became licensed through the APD as a Community Residential Home.

20. At no time while operating as a foster home, did the State or local fire marshal require the installation of an automatic fire sprinkler system as a pre-condition to operation.

21. Moreover, the County does not impose requirements for sprinklers on single-family residences occupied by persons who are not related and who do not have intellectual or developmental disabilities.

22. The County does not impose requirements for sprinklers on single-family residences occupied by persons who are related and who have intellectual or developmental disabilities.

23. Automatic sprinkler systems cost around $30,000.00 and require annual maintenance and servicing. As such, they are cost-prohibitive for many service providers, including the Community Residential Home currently operated by Plaintiff. Accordingly, this requirement prohibits or significantly limits the ability of Community Residential Homes for persons with intellectual or developmental disabilities to operate in Pasco County.

24. Following direction from Mr. Tunningley, on or about February 20, 2024, Plaintiff contacted Pasco County Building Construction Services and was advised again that a change of use permit would need to be submitted for the Property.

25. Plaintiff was further advised by the County that an automatic fire

sprinkler system would need to be installed at the Property prior to approval being given for the Property use as a foster home to transition to the purview of APD as a Community Residential Home.

26. Fire sprinkler systems are not required in other Single Family Residential units in the County.

27. "A dwelling unit housing a community residential home established pursuant to this section shall be subject to the same local laws and ordinances applicable to other noncommercial, residential family units in the area in which it is established." Fla. Stat. § 419.001(8) (2023).

28. Following Defendant's refusal to approve the use of Plaintiff's Property as a Community Residential Home without first installing an automatic fire sprinkler system, on May 19, 2024, Plaintiff reached out to the County and requested a reasonable accommodation pursuant to the FHAA and ADA.

29. Specifically, Plaintiff requested that the County waive its requirement that Plaintiff install a fire sprinkler system at the Property no later than February 2025.

30. In response to Plaintiff's request for a waiver, the County advised that the requirement for a Fire Sprinkler system would not be waived in relation to the Property. As a result, any further steps to seek "accommodation" from the County would have been futile.

31. Pasco County's Comprehensive Plan, under Chapter 6 "Housing Element" opens the chapter with the following stated goal:

> Chapter 6 - HOUSING ELEMENT
>
> GOAL HSG 1: - ENSURE OPPORTUNITIES FOR AN ADEQUATE SUPPLY OF ALL HOUSING TYPES IN APPROPRIATE LOCATIONS FOR ALL PASCO COUNTY RESIDENTS WITH AN EMPHASIS ON THE NEEDS OF THE FINANCIALLY DISADVANTAGED AND THE SPECIAL-NEEDS POPULATIONS.
>
> Pasco County Code of Ordinances, Comprehensive Plan, Chapter 6 (2023) (CAPITALIZATION as emphasis is original).

32. All actions have been taken prior to the filing of this complaint to ensure that Defendant has been apprized of Plaintiff's seeking approval from Defendant to establish a Community Residential Home located in Pasco County to house adult individuals with disabilities who need assistance with their activities of daily living.

33. All conditions precedent have occurred or have been performed.

## CAUSES OF ACTION

### Count I
### Violations of the Fair Housing Act [FHAA]

34. Plaintiff realleges and incorporates by reference Averments 1 through 33, as if fully set forth herein.

35. By the actions described above, Defendant has violated Plaintiff's rights under the FHAA, 42 U.S.C. § 3601, *et seq.*, and specifically 42 U.S.C. § 3604(f)

by:

    a.    Discriminating against handicapped individuals who reside in a Community Residential Home by requiring the installation of an unreasonably expensive sprinkler system which does not materially increase the safety of the home in circumstances where sister jurisdictions such as Hillsborough County, Florida, permits Community Residential Homes to be established and to flourish without the necessity of installing such sprinkler systems [disparate treatment];

    b.    Intentionally discriminating on the basis of disability in requiring the installation of an expensive sprinkler system in a Community Residential Home used by disabled individuals in circumstances where Pasco County does not require a single family home which houses a disabled individual to install a sprinkler system which has caused a significantly adverse or disproportionate impact on disabled persons produced by the Defendant's alleged factually neutral acts or practices [disparate impact]; and

    c.    Intentionally discriminating, refusing and failing to make a reasonable accommodation in its rules, policies, practices, or services when an accommodation such as not requiring an expensive sprinkler system for a Community Residential Home housing disabled individuals may be

necessary to afford a person an equal opportunity to in safety use and enjoy a dwelling, in violation of the FHAA [failure to make a reasonable accommodation].

36. The past and continuing acts and conduct of Defendant, described in Averment 30, subparts b and c above, were and are intentional and have been carried out with indifference to the federally protected rights of Plaintiff.

37. Plaintiff is an "aggrieved person" within the meaning of 42 U.S.C. §§ 3602(i) and 3613, and has suffered harm and damages as a result of Defendant's conduct.

WHEREFORE, Plaintiff prays that the Court enter an ORDER that:

    a. Declares that Defendant violated the Fair Housing Act as amended by subjecting Plaintiff to disparate treatment;

    b. Declares that Defendant violated the Fair Housing Act as amended by subjecting Plaintiff to disparate impact;

    c. Declares that Defendant violated the Fair Housing Act as amended by failure to reasonably accommodate Plaintiff;

    d. Requires Defendant to take all affirmative steps to ensure its compliance with the Fair Housing Act as amended, including steps necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate to the extent practicable the effects of its unlawful

housing practices as described herein;

    e.    Enjoins the Defendant from enforcing its fire, building and other codes in a manner that discriminates because of disability in violation of the Fair Housing Act as amended;

    f.    Awards actual damages to Plaintiff, pursuant to the FHAA, 42 U.S.C. § 3613(c)(1);

    g.    Awards Plaintiff its reasonable attorneys' fees and costs, pursuant to the FHAA, 42 U.S.C. § 3613(c)(2); and

    h.    Awards such other relief as the Court deems appropriate and just under the circumstances.

## Count II:
## Violations of the Americans with Disabilities Act [ADA]

38.    Plaintiff realleges and incorporates by reference Averments 1 through 33, as if fully set forth herein.

39.    By the actions described above, Defendant has violated Plaintiff's rights under the ADA, 42 U.S.C. Sec.12131-12165 by:

    a.    Discriminating against handicapped individuals who reside in a Community Residential Home by requiring the installation of an unreasonably expensive sprinkler system which does not materially increase the safety of the Community Residential Home in circumstances

where sister jurisdiction such as Hillsborough County, Florida, permits Community Residential Homes to be established and to flourish without the necessity of installing such sprinkler systems [disparate treatment];

    b.    Intentionally discriminating on the basis of disability in requiring the installation of an expensive sprinkler system in a Community Residential Home used by disabled individuals in circumstances where Pasco County does not require a single family home which houses a disabled individual to install a sprinkler system [disparate impact]; and

    c.    Intentionally discriminating, refusing and failing to make reasonable accommodation in its rules, policies, practices, or services when an accommodation such as not requiring an expensive sprinkler system for a Community Residential Home housing disabled individuals may be necessary to afford a person an equal opportunity to in safety use and enjoy a dwelling, in violation of the ADA [failure to make a reasonable accommodation].

40.    The past and continuing acts and conduct of Defendant, described in Averment 34 parts b and c above, were and are intentional and have been carried out with indifference to the federally protected rights of the Plaintiff.

41.    The Plaintiff is an "aggrieved person" within the meaning of 42 U.S.C. Sec. 360(i) and 3613, and has suffered harm and damages as a result of Defendant's

conduct.

WHEREFORE, Plaintiff prays that the Court enter an ORDER that:

a. Declares that the Defendant violated the Americans With Disabilities Act by subjecting Plaintiff to disparate treatment;

b. Declares that the Defendant violated the Americans With Disabilities Act by subjecting Plaintiff to disparate impact;

c. Declares that the Defendant violated the Americans With Disabilities Act by failing to reasonably accommodate Plaintiff;

d. Requires Defendant to take all affirmative steps to ensure its compliance with the Americans With Disabilities Act, including steps necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate to the extent practicable the effects of its unlawful housing practices as described herein;

e. Enjoins the Defendant from enforcing its fire, building and other codes in a manner that discriminates because of disability in violation of the Americans With Disabilities Act;

f. Awards actual damages to Plaintiff, pursuant to the Americans With Disabilities Act;

g. Awards Plaintiff its reasonable attorneys' fees and costs, pursuant to the ADA, 42 U.S.C. Sec. 3613(c)(2); and

      h.    Awards such other relief as the Court deems appropriate and just under the law and equity.

## JURY DEMAND

Plaintiff demands a trial by jury on Counts I and II.

Dated January 9, 2025.

                Respectfully submitted,

                /s/ *Adam Bild*
                TIMOTHY BROWN, FL Bar No. 88965
                ADAM BILD, FL Bar No. 104203
                **Bild Law**
                18920 N Dale Mabry Hwy, Ste 102
                Lutz, FL 33548
                Tel:(813) 644-2020
                Fax:(813) 354-3444
                timbrown@bildlaw.com (primary service)
                bildlaw@gmail.com (secondary service)
                abild@bildlaw.com (primary service)
                service@bildlaw.com (secondary service)
                *Counsel for Plaintiff*

                */s/ Nicholas E. Karatinos*
                NICHOLAS E. KARATINOS
                FL Bar No. 0109742
                Law Office of Nicholas E. Karatinos
                18920 N. Dale Mabry Highway, Ste 101
                Lutz, FL  33548
                Tel.: 813.345.5945
                Fax:  813.670.2661
                Nicholas.karatinos@outlook.com (primary)
                Nek1720@aol.com (secondary)
                *Counsel for Plaintiff*